Filed 5/25/21  P. v. Welty CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTOPHER ANDREW WELTY,<br><br>    Defendant and Appellant. | F079332<br><br>(Super. Ct. No. F17906264)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Timothy A. Kams, Judge.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Melissa Lipon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

# INTRODUCTION

In 2017, defendant Christopher Andrew Welty was arrested on suspicion of child molestation and subsequently charged by information with three counts of committing a lewd or lascivious act on a child under the age of 14 years, in violation of Penal Code section 288, subdivision (a)).[1,2] The charging document also alleged defendant had a prior serious felony conviction from 2007 for violating section 288, subdivision (a). (§§ 667, subds. (a)(1), (b)–(i), 1170.12, subds. (a)–(d).)

On February 19, 2019, defendant pleaded no contest to three counts of sexual battery by restraint, in violation of section 243.4, subdivision (a), and admitted he had a prior serious felony conviction, in exchange for a stipulated sentence of 10 years in state prison and dismissal of the five-year prior serious felony conviction enhancement. (§ 667, subd. (a)(1).)

On March 19, 2019, in accordance with the terms of the plea bargain, the trial court sentenced defendant to 10 years in state prison: the middle term of three years on count 1, doubled to six years based on defendant's prior strike conviction; and consecutive two-year terms on counts 2 and 3. The court also imposed a restitution fine of $3,000 under section 1202.4, subdivision (b)(1), and a parole revocation restitution fine of $3,000 under section 1202.45, suspended. Based on inability to pay, the court suspended the court operations assessments under section 1465.8, subdivision (a)(1); the court facilities assessments under Government Code section 70373, subdivision (a)(1); the sex offense fine under section 290.3; and the probation report fee under section 1203.1b, subdivision (a).

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] The facts underlying defendant's crimes are not relevant to the issues raised on appeal and, therefore, we do not summarize them.

On appeal and in reliance on the Court of Appeal's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant claims imposition of the restitution fine violates his Eighth Amendment and due process rights, and he requests a stay of the fine or remand for an ability-to-pay hearing.[3]  He denies he forfeited the claim, but if we determine he did, he claims ineffective assistance of counsel.  The People maintain that forfeiture bars defendant's claim and trial counsel was not ineffective for failing to object.  On the merits, they contend that imposition of the restitution fine was not unconstitutional.

We conclude defendant forfeited his claim that imposition of the $3,000 restitution fine was unconstitutional, his trial counsel did not render ineffective assistance, and, on its merits, his *Dueñas* claim fails.  Therefore, we affirm the judgment.[4]

---

[3]  While the appeal was pending, defendant filed a motion in the trial court as required to perfect appellate review and comply with section 1237.2, which provides, "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (See *People v. Hall* (2019) 39 Cal.App.5th 502, 504 [§ 1237.2 applies to appeal raising *Dueñas* claim].)  In arguing that defendant may have failed to comply with section 1237.2, the People appear to have overlooked the evidence of his motion.

[4]  Defendant requests we order the trial court to issue an amended abstract of judgment omitting mention of the court assessments.  The abstract of judgment expressly states that the assessments are suspended, however.  Because it conforms with the trial court's judgment in this regard, we are not persuaded there is any error necessitating correction.

## DISCUSSION

### I. Forfeiture

The failure to object in the trial court generally forfeits a claim on appeal and this principle is applicable to constitutional claims. (*People v. McCullough* (2013) 56 Cal.4th 589, 593; *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.) "'[D]iscretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.'" (*In re Sheena K.*, *supra*, at p. 887, fn. 7.)

In this case, defendant was sentenced on March 19, 2019, which was more than two months after the Court of Appeal issued its decision in *Dueñas*. Although neither the parties nor the trial court specifically mentioned the decision, the court elected to suspend the court assessments, the sex offense fine, and the probation report fee based on inability to pay, indicating awareness of the decision. Despite having the benefit of both *Dueñas* and a statutory right to object under section 1202.4, subdivisions (c) and (d), defendant did not object to the $3,000 restitution fine. We do not agree with defendant that counsel's mention of his lack of "access to any financial remedy at this point," which specifically related to a factual correction in the probation report, constituted an objection to imposition of the restitution fine on statutory or constitutional grounds.

Therefore, we find that defendant forfeited his challenge to imposition of the $3,000 restitution fine.

### II. Counsel Not Ineffective

In the event we find defendant forfeited his claim, as we have, he argues that counsel rendered ineffective assistance of counsel. We conclude defendant has not met his burden of demonstrating error or prejudice.

"'[A] defendant claiming a violation of the federal constitutional right to effective assistance of counsel must satisfy a two-pronged showing: that counsel's performance was deficient, and that the defendant was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient

4.

performance.'" (*People v. Woodruff* (2018) 5 Cal.5th 697, 736, quoting *People v. Alexander* (2010) 49 Cal.4th 846, 888; accord, *Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Mickel* (2016) 2 Cal.5th 181, 198.) To establish deficient performance, defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." (*People v. Mai* (2013) 57 Cal.4th 986, 1009; accord, *Strickland v. Washington*, *supra*, at pp. 687–688; *People v. Mickel*, *supra*, at p. 198.) "[W]e do not second-guess trial counsel's reasonable tactical decisions." (*People v. Lucas* (2014) 60 Cal.4th 153, 278, disapproved on another ground in *People v. Romero and Self* (2015) 62 Cal.4th 1, 53–54, fn. 19.) "[A] defendant's burden [is] 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had ""'no rational tactical purpose'"" for an action or omission." (*People v. Mickel*, *supra*, at p. 198, quoting *People v. Lucas* (1995) 12 Cal.4th 415, 437.)

Defense counsel could have reasonably determined that it was more beneficial to defendant to accept the restitution fine amount rather than object and risk creating a record that might persuade the court that defendant was able to pay a higher restitution amount or the court assessments, fees, and fines the court intended to suspend. We recognize that counsel's comment reflected defendant lacked "any financial remedy *at* [*that*] *point*" (italics added), but the court was not limited to defendant's present ability to pay. (*People v. Montes* (2021) 59 Cal.App.5th 1107, 1122 ["'[T]he evaluation of ability to pay must include future ability to pay,' and '[the] defendant bears the burden of proof on that issue.'"].) Notably, defendant was only 32 years old at the time of sentencing, he was reportedly in good health and had attended community college, and it was possible he might earn wages in prison or receive monetary gifts. We reiterate that, unlike sentencing hearings held pre-*Dueñas*, defendant had the opportunity to make a record on these issues.

5.

Defendant did not make any such record and we cannot presume error. To the contrary, defendant must demonstrate that "'(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.'" (*People v. Hoyt* (2020) 8 Cal.5th 892, 958, quoting *People v. Mai*, *supra*, 57 Cal.4th at p. 1009.) For the reasons previously set forth, defendant has not met his burden of showing error. Although this determination forecloses defendant's claim, we also note that he has not demonstrated a reasonable probability of a more favorable result had counsel objected.

## III.  No Constitutional Violation and Any Assumed Error Harmless

With respect to the merits of defendant's constitutional claim, *Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164, see p. 1167.) We disagree with the holding in *Dueñas* and find the matter need not be remanded for further findings. As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, *supra*, at pp. 1068–1072.) Under that standard, the restitution fine imposed in this case is not grossly disproportionate to defendant's level of culpability and the harm he inflicted on his young victim, and thus not excessive under the Eighth Amendment. (*Aviles*, *supra*, at p. 1072; accord, *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1057–1058 (*Lowery*).)[5]

---

[5]  The charges arise from defendant's sexual molestation of a six-year-old child on three separate occasions.

6.

Even assuming arguendo that we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find that because defendant has the ability to pay the fine imposed in this case, any error "was harmless beyond a reasonable doubt." (*Chapman v. California* (1967) 386 U.S. 18, 24; accord, *Lowery*, *supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at pp. 1075–1077; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035). "'"Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]'" (*Aviles*, *supra*, at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the restitution fine from probable future wages, including prison wages. (*Lowery*, *supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) While it may take defendant some time to pay the amount imposed in this case, that circumstance does not support an inability to make payments, either from prison wages or monetary gifts from family and friends during his prison sentence; and there is nothing in the record to show that defendant would be unable to satisfy the fine imposed by the court while serving his prison term, even if he fails to obtain a prison job. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1056–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *Lowery*, *supra*, at pp. 1060–1061; *Aviles*, *supra*, at pp. 1076–1077; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.) Again, defendant had the opportunity to make a contrary record pursuant to *Dueñas*, but did not do so. (*People v. Montes*, *supra*, 59 Cal.App.5th at p. 1122.)

## DISPOSITION

The judgment is affirmed.